DWIGHT LAW GROUP
Amanda V. Dwight (SBN 187028)
2603 Main Street, Suite 200
Irvine, CA 92614
Telephone: (949) 515-0003
Facsimile:  (949) 266-1678
adwight@dwightlawgroup.com

Attorneys for Plaintiff
Naked Dog Bistro, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| Naked Dog Bistro, Inc., A California Corporation<br><br>    Plaintiff,<br><br>Vs.<br><br>Protein For Pets, LLC, A California Limited Liability Corporation, Marco Giannini, An Individual, And Does 1 Through 10.<br><br>    Defendants. | Case No.<br><br>**Complaint For:**<br><br>1.  **Federal Trademark Infringement (15 U.S.C. § 1114/Lanham Act §32(a));**<br>2.  **Unfair Competition (15 U.S.C. § 1125(a)/Lanham Act §43(a));**<br>3.  **Common Law Trademark and Trade Name Infringement, and Unfair Competition;**<br>4.  **Unfair Business Practices Under State Law (California Business & Professions Code §17200 and § 17500 Et Seq.) and Common Law.**<br><br>**Demand For Jury Trial** |

Complaint
-1-

Plaintiff Naked Dog Bistro, Inc. ("Plaintiff" or "Naked Dog Bistro") a California corporation, sues Defendants Protein for Pets, LLC, a California limited liability corporation, Marco Giannini, an individual, and DOES 1 through 10 (collectively "Defendants") alleging as follows:

# I. JURISDICTION AND VENUE

1. This is an action for trademark infringement, trade name infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act (15 U.S.C. § 1051 et seq.) and for related claims of state and common law trademark and trade name infringement.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338 (a) and (b) and has supplemental jurisdiction pursuant to 28 U.S.C. Section §1367(a) over Plaintiff's state law claims. The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and/or countries. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(2) and (a)(3).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c) because, among other reasons, Defendants are subject to personal jurisdiction in this judicial district, Defendant do business or reside in

this judicial district and Defendants have committed acts of infringement in this judicial district.

## II.   THE PARTIES

4.   Plaintiff Naked Dog Bistro is a California corporation with its principal place of business at 424 Forest Avenue, Laguna Beach, California. Naked Dog Bistro is engaged in the production, advertising and sale of pet food products and retail pet store services.

5.   On information and belief, defendant Marco Giannini ("Giannini") is and at all times mentioned herein was, the owner of THE NAKED DOG, the Infringing Name, ("Infringing Name") and controls the use of this mark in commerce.  On information and belief, defendant Giannini is the founder and managing member of defendant Protein for Pets ("Protein for Pets") and is residing in and conducting business in Orange County, California.  On information and belief, as the managing member, Defendant Giannini controls and supervises Protein for Pet's business operations and derives a direct financial benefit from same.

6.  On information and belief, defendant Protein for Pets is a California limited liability company doing business as the Infringing Name, with various locations throughout and Los Angeles and Orange Counties including in Anaheim, San Clemente, and Laguna Niguel, California.  On information and belief, Protein

for Pets is engaged in the production, advertising and sale of pet food products and retail pet store services. Upon information and belief, Protein for Pets is doing business in and has caused tortious injury to Plaintiff in California within this judicial district. On information and belief, Protein for Pets is the owner of the web site uniform resource locators ("URLS"), thenakeddogbox.com and thenakeddogshop.com. On information and belief, Protein for Pets uses the Infringing Name in interstate commerce.

7. Plaintiff is not aware of the true names or capacities, whether individual, corporate or otherwise, of defendants DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Upon information and belief, Defendants DOES 1 through 10 have been or will be responsible in some manner for the wrongful conduct alleged in this Complaint. Plaintiff will seek leave of Court to amend this Complaint to allege the true names and capacities of DOES 1 through 10 when these names have been ascertained.

### III. GENERAL ALLEGATIONS

### PLAINTIFF'S ADOPTION AND USE OF ITS

### TRADE NAME AND TRADEMARK

8. Plaintiff Naked Dog Bistro is a family owned business, inspired by the family's three dogs and a passion for providing healthy foods for dogs. Plaintiff conceived of the concept of a boutique showcasing unique products that aid in the

health, fitness and happiness of dogs in the summer of 2013 in Southern California.  Shortly thereafter, Plaintiff adopted the word NAKED as part of the name for its goods and services because this term evokes all the qualities embodied in such products and services—specifically, purity, natural, wholesomeness and absence of unhealthy additives.

9. After a year of planning, developing, and perfecting recipes, on March 3, 2014, the NAKED DOG BISTRO ("Plaintiff's Mark") boutique opened its doors in Laguna Beach, California.  In or around July 2014, Plaintiff opened its online store located at "nakeddogbistro.com."  Since March 2014, the NAKED DOG BISTRO stores have sold organic foods and treats and related quality products, including under Plaintiff's Mark, to the delight and satisfaction of healthy and happy dogs (and their owners) throughout the United States.

10. Plaintiff's name and mark is inherently distinctive.  Plaintiff's Mark serves to identify and indicate the source of Plaintiff's goods and services to the consuming public, and to distinguish its goods and services from those of others, including those advertised and sold by Defendants.

11. Plaintiff's Mark has been widely publicized through substantial advertising in the State of California and throughout the United States.  Such advertising has included signage, trade shows and print medias including periodicals, press releases, and through Plaintiff's website at

Complaint
-5-

www.nakeddogbistro.com. As a result, customers have come to associate this name and mark with the goods and services of high and uniform quality from Plaintiff.

12. Naked Dog has spent substantial resources in building its reputation as a leader in the healthy pet foods industry by investing substantial effort and money in the development and marketing of Plaintiff's Mark. As a result, Plaintiff has become widely known, widely recognized, and widely respected as a leader in this market.

13. Plaintiff's exclusive right to use the trade name and trademark NAKED DOG BISTRO® is evidenced by the fact that the United States Patent and Trademark Office issued a federal registration for this mark, Registration No. 5285066, on September 12, 2017. This registration is in full force and effect. A copy of the registration is attached hereto as Exhibit A and incorporated herein.

14. The registration provides prima facie and conclusive evidence of the validity and subsistence of Plaintiff's Mark; of Plaintiff's ownership of and exclusive right to use the mark in commerce without restriction or limitation; and provides constructive notice of Plaintiff's ownership pursuant to Sections 7, 22 and 33 of the Lanham Act, 15 U.S.C. Sections 1057, 1072 and 1115.

## DEFENDANTS' UNLAWFUL ADOPTION AND USE OF THE NAKED DOG NAME AND MARK

15. In or around August 2016 and continuing to date, Plaintiff began receiving calls and written communications from customers (1) complaining about the poor quality ingredients in alleged "Naked Dog" products they purchased for their pets; (2) asking about Plaintiff's "other" locations and questioning why Plaintiff was closing its stores; (3) advising Plaintiff that Defendants were selling similar products, in similar packaging, under the same NAKED DOG name; and (4) reprimanding Plaintiff for selling products which made their dogs sick.

16. On further inquiry of these complaints, Plaintiff discovered (1) the complained about products were sold by Defendants, not Plaintiff; (2) that on or about October 1, 2016, Defendants changed their pet product store name for over 11 locations from Protein for Pets to The Naked Dog ("Infringing Name"); (3) that Defendants adopted and were using the domain names thenakeddogbox.com and thenakeddogshop.com to sell pet products made of lower quality ingredients; and (4) customers believed the parties were the same because of the identical name and services. Attached hereto as Exhibit B are samples of use of the Infringing Name by Defendants.

17. On information and belief, Defendants began their infringement of Plaintiff's mark with full knowledge of Plaintiff's prior registration and/or use of

Complaint
-7-

its mark. On information and belief, Defendants undertook these actions with the intent of confusing consumers, so that they could trade on and receive the benefit of the goodwill built up by Plaintiff at great labor and expense over the years. True and correct copies of the parties' storefronts, websites, packaging and promotional materials are attached hereto as Exhibit C and incorporated herewith.

18. On or about March 3, 2017 and again on May 3, 2017, Plaintiff's counsel advised Defendants of their infringement, of the massive confusion resulting from Defendants' conduct, and of the continuing harm to Plaintiff and its reputation. Plaintiff's counsel demanded Defendants ceased their unlawful conduct. Defendants dismissed Plaintiff's demands and continued their willful infringement.

19. Defendants' use of the Infringing Name is without consent, authorization, or license by Plaintiff.

20. Defendants' use of the Infringing Name in the manner described is likely to confuse and has actually confused customers and potential customers of the parties as to whether some affiliation, connection or association exists between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of the parties' goods and/or services.

21. Defendants' use of the Infringing Name in the manner described above falsely indicates to the purchasing public that the goods and/or services of

Complaint
-8-

Defendants originate with Plaintiff, or are affiliated, connected or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff.

22. Defendants' use of the Infringing Name in the manner described above falsely designates the origin of the goods and/or services of Defendants, and falsely and misleadingly describes and represents.

23. Defendants' use of the Infringing Name in the manner described above enables Defendants to trade on and receive the benefit of goodwill in those marks, which Plaintiff has built up at great labor and expense over many years.

24. Defendants' use of the Infringing Name in the manner described unjustly enriches Defendants at Plaintiff's expense.

25. Defendants' use of the Infringing Name in the manner described above prevents Plaintiff from controlling the nature and quality of goods and services provided under those marks and places the valuable reputation and goodwill of Plaintiff in Defendants' hands, over whom Plaintiff has no control.

26. The activities of Defendants have caused irreparable injury to Plaintiff and to the public, and unless restrained by this Court, will continue to cause irreparable injury to Plaintiff and to the public. There is no adequate remedy at law for this injury.

# COUNT I

# TRADEMARK AND TRADE NAME INFRINGEMENT UNDER THE LANHAM ACT (15 U.S.C. § 1114)

27. Plaintiff hereby incorporates and realleges paragraphs 1 through 26 of its Complaint.

28. The acts of Defendants complained of herein constitute infringement of federally registered trademark NAKED DOG BISTRO® in violation of 15 U.S.C. § 1114(1).

29. The acts of Defendants described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

30. Defendants' acts have caused damage and irreparable injury to Plaintiff in an amount to be determined at trial, and such acts will result in further damage and irreparable injury if Defendants are not temporarily, preliminarily and permanently restrained and enjoined by this Court.

31. The actions of Defendants have caused and will continue to cause Plaintiff to suffer great and irreparable injury through, inter alia, (1) actual confusion and likelihood of confusion, mistake, and deception among the relevant public; and (2) the loss of Plaintiff's valuable goodwill and business reputation symbolized by Plaintiff's Mark.

32. In addition, the consuming public continues to be harmed and deceived so long as Defendants are permitted to continue to operate under this business name and trademark, which is identical to Plaintiff's registered mark. Plaintiff is therefore entitled to equitable relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction against further violations of Plaintiff's rights.

## COUNT II

## UNFAIR COMPETITION UNDER THE LANHAM ACT

## (15 U.S.C. § 1125(a))

33. Plaintiff hereby incorporates and realleges paragraphs 1 through 32 of its Complaint.

34. The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendants' acts have caused damage and irreparable injury to Plaintiff in an amount to be determined at trial, and such acts will result in further damage and irreparable injury if Defendants are not temporarily, preliminarily and permanently restrained and enjoined by this Court.

36. The actions of Defendants have caused and will continue to cause Plaintiff to suffer great and irreparable injury through, inter alia, (1) actual confusion and likelihood of confusion, mistake, and deception among the relevant

public; and (2) the loss of Plaintiff's valuable goodwill and business reputation symbolized by the NAKED DOG BISTRO® name and mark.

37. In addition, the consuming public continues to be harmed and deceived so long as Defendants are permitted to continue to operate under this business name and trademark, which is identical to Plaintiff's registered mark. Plaintiff is therefore entitled to equitable relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction against further violations of Plaintiff's rights.

## COUNT III

## TRADEMARK AND TRADENAME INFRINGEMENT UNDER CALIFORNIA AND COMMON LAW

38. Plaintiff hereby incorporates and realleges paragraphs 1 through 37 of its Complaint.

39. The use by Defendants, without the consent of Plaintiff, of the identical mark in connection with identical services has caused and will continue to cause confusion, mistake, and deception.

40. Such use infringes Plaintiff's rights in violation of California's Trademark law, including but not limited to, California Business and Professions Code Sections 14330, 14335 and the common law.

41. The actions of Defendants have caused and will continue to cause Plaintiff to suffer great and irreparable injury through, inter alia, (1) actual confusion and likelihood of confusion, mistake, and deception among the relevant public; and (2) the loss of Plaintiff's valuable goodwill and business reputation symbolized by Plaintiff's Mark.

42. Defendants' acts have caused damage and irreparable injury to Plaintiff in an amount to be determined at trial, and such acts will result in further damage and irreparable injury if Defendants are not temporarily, preliminarily and permanently restrained and enjoined by this Court.

43. Plaintiff is informed and believes, and thereon alleges, that Defendants, by and through their conduct are guilty of oppression, fraud, or malice including their reckless disregard of Plaintiff's and the public's rights. Furthermore, said conduct is despicable and was carried out with a willful, wanton and conscious disregard of the rights of Plaintiff and the public. By reason of the foregoing, Plaintiff is entitled to punitive damages against each of the Defendants in an amount to be proven at trial.

//

//

//

# COUNT IV

# UNFAIR COMPETITION PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ., SECTION 17500 ET SEQ., AND COMMON LAW

44. Plaintiff hereby incorporates and realleges paragraphs 1 through 43 of its Complaint.

45. Defendants' actions, as described above, constitute unfair competition, and fraudulent business practices within the meaning of California Business & Professions Code Section 17200 et. seq., Section 17500 et seq. and under the common law of California.

46. Defendants' acts have caused damage and irreparable injury to Plaintiff and the public in an amount to be determined at trial, and such acts will result in further damage and irreparable injury if Defendants are not temporarily, preliminarily and permanently restrained and enjoined by this Court.

47. Plaintiff is entitled to recover all damages sustained, and will be sustained, as a result of Defendants' wrongful acts as previously alleged, including but not limited to, disgorgement of Defendants' profits, restitution, civil penalties per statute, the costs of suit, and Plaintiff's reasonable attorneys' fees incurred in this action.

# **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that judgment be entered in its favor as follows:

1.  Defendants, their parents, subsidiaries, directors, officers, members, managers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained:

(a) From using the Infringing Name, Plaintiff's Mark, or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's Mark;

(b) From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods (products, samples and the like) containing the Infringing Name, Plaintiff's Mark, or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's Mark;

(c) From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the Infringing Name, Plaintiff's Mark, or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to Plaintiff's Mark;

(d) From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe Plaintiff or Plaintiff's Mark;

(e) From committing any acts or making any statements calculated, or reasonably foreseeable consequence of which would be, to infringe any of Plaintiff's trademark rights in NAKED DOG BISTRO®, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of Plaintiff by, with, or of Defendants, and;

(f) From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Consistent with paragraph (1)(a) above, Defendants be ordered to remove from sale or display, and recall, any and all products, catalogs,

Complaint
-16-

advertisements, and any other items or goods bearing the Infringing Name, Plaintiff's Mark, or any word or words confusingly similar thereto. Defendants also be ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after entry and service of an injunction, a written report detailing gross sales of any goods or services in connection with the Infringing Name;

    3.    Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, internet web pages, and any other materials in its possession or control bearing the Infringing Name, Plaintiff's Mark, or any other mark, name, or designation that includes NAKED and DOG (or any variation thereof, whether alone or in combination with any other word(s) or element(s)).

    4.    Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

    5.    Plaintiff recovers all damages it has sustained as a result of the activities of Defendants.

6. Plaintiff be awarded treble damages, punitive damages, and attorneys' fees for willful infringement and exceptional circumstances.

7. An accounting be directed to determine the profits of Defendants resulting from activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

8. Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from Defendants' wrongful actions.

9. Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorneys' fees.

10. Plaintiff be awarded prejudgment and post-judgment interest.

11. Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

                Respectfully Submitted,

                DWIGHT LAW GROUP

Dated: November 10, 2017        By: /s/ Amanda V. Dwight
                                        Amanda V. Dwight
                                        Attorneys for Plaintiff

# **DEMAND FOR JURY TRIAL**

Plaintiff Naked Dog Bistro hereby demands trial by jury of all issues, which are so triable in this action and on this Complaint.

                                                Respectfully Submitted,

                                                DWIGHT LAW GROUP

Dated: November 10, 2017          By: <u>/s/ Amanda V. Dwight</u>
                                                Amanda V. Dwight
                                                Attorneys for Plaintiff